222

PETE SALLA, FRANK DENDARY, R. E. CALLE, AND JUAN GARIJO, Appellants, v. CITY OF WINNEMUCCA, COUNTY OF HUMBOLDT, NEVADA; CITY COUNCIL OF THE CITY OF WINNEMUCCA, HUMBOLDT COUNTY, NEVADA, Respondents.

No. 5763

April 8, 1969            452 P.2d 969

*Peter Echeverria* and *E. A. Hollingsworth,* of Reno, for Appellants.

*John M. Doyle,* City Attorney, and *James A. Callahan,* Special City Attorney, of Winnemucca, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

Appellants, residents of the city of Winnemucca, who own certain property there question a judgment finding valid a municipal improvement district established by the city of Winnemucca to improve some of that city's streets. This is a case of first impression interpreting for the first time NRS Chapter 271 providing for the consolidation of local improvements by city governments.

On May 18, 1966 the city council passed a resolution pursuant to NRS 271.280[1] to investigate the possibilities of creating an improvement district for street improvement purposes.

---

[1]"271.280 PROVISIONAL ORDER METHOD.

1. Whenever the governing body shall be of the opinion that the interest of the municipality requires any project, the governing body, by resolution, shall direct the engineer to prepare:

(a) Preliminary plans . . .

. . .

(b) An assessment plat . . .

. . .

6. In case the assessment is to be upon the abutting property upon a frontage basis, it shall be sufficient for the resolution so to state and to define the location of the project to be made.

7. It shall not be necessary in any case to describe minutely in the resolution each particular tract to be assessed, but simply to designate the property, improvement district or the location, so that the various parts to be assessed can be ascertained and determined to be within or without the proposed improvement district.

8. The engineer shall forthwith prepare and file with the clerk:

(a) The preliminary plans; and

(b) The assessment plat.

9. Upon the filing of the plans and plat, the governing body shall examine the same; and if the plans and plat be found to be satisfactory, the governing body shall make a provisional order by resolution to the effect that such project shall be acquired or improved, or both acquired and improved."

On May 3, 1967 pursuant to NRS 271.280(9), a provisional order was adopted which provided for an improvement district. The order divided the district into three units designated Units A, B & C respectively. The order also provided for a method of assessment. While the pertinent language at first glance appears to designate no particular method of assessment but rather a conglomeration of assessment based on frontage and also assessment levied proportionate to special benefits conferred on the land by the improvements, upon closer examination it is apparent that assessment was intended to be proportionate to special benefits conferred and that footage was merely an element used in computing the amount of benefit conferred.

The order was accompanied by a notice of a hearing directed to the affected land owners. The notice indicated that if the owners of more than one-half of the frontage feet in any unit would file written protests, that unit would be excluded from the improvement district.

A hearing was held, and protests were filed. But contrary to the procedure established by the notice, the units were excluded from the improvement district if the owners of land which received more than one-half of the special benefits protested against the improvements. Consequently Units B and C were excluded. Had the computation of protest majority been based on frontage feet as provided for by the notice, Units B and C would have been included in the improvement district.

### 1. Establishment of the District.

Appellants contend that NRS 271.295(2)[2] allows the creation of units for the purpose of separate petition, remonstrance and assessment only when there is a combination of projects. They contend that there was only one street project established which involved many streets in the district and that there must be a combination of the projects enumerated in NRS 271.265[3] before units can be formed.

---

[2]"271.295 COMBINATIONS OF PROJECTS.

. . .

2. If in the combination of projects, they shall be separate and distinct by reason of substantial difference in their character or location, or otherwise, each such project shall be considered as a unit or quasi-improvement district for the purpose of petition, remonstrance and assessment."

[3]"271.265 GENERAL POWERS OF MUNICIPALITY. The governing body of a municipality, upon behalf of the municipality and its

NRS 271.265(9) indicates that a municipality may initiate a street project. NRS 271.225[4] includes in defining a street project almost all of the other projects as enumerated by NRS 271.265. Therefore the projects in NRS 271.265 can hardly be exclusive of each other. If that were not enough, NRS 271.-225 defines a street project as meaning "any street . . . ." We hold that each street can be deemed a separate project, that there was more than one project, and that therefore units could be established within the district.

Appellants also contend that the units were not composed of projects of different character or locality as required by NRS 271.295(2). Unit A contained a mixture of intensively developed industrial, commercial and residential land. The land in Unit B was undeveloped and the land in Unit C was residential only. Therefore there were projects different in both character and location and the units were properly constituted so that owners of different types of property in different areas could properly voice their distinctive protests.

Finally appellants contend that the allocation of area among the units was an abuse of discretion and therefore invalid. We disagree.

---

name, without any election, shall have power from time to time to acquire, improve, equip, operate and maintain, within or without the municipality, or both within and without the municipality:

1.  A curb and gutter project;
2.  A drainage project;
3.  An offstreet parking project;
4.  An overpass project;
5.  A park project;
6.  A sanitary sewer project;
7.  A sidewalk project;
8.  A storm sewer project;
9.  A street project;
10. An underpass project; and
11. A water project."

[4]"271.225 'STREET PROJECT' DEFINED. 'Street project' means any street, including without limitation grades, regrades, gravel, oiling, surfacing, macadamizing, paving, crosswalks, sidewalks, driveway approaches, curb cuts, curbs, gutters, culverts, drains, sewers, manholes, inlets, outlets, retaining walls, bridges, overpasses, tunnels, underpasses, approaches, artificial lights and lighting equipment, parkways, grade separators, traffic separators and traffic control equipment, and all appurtenances and incidentals (or any combination thereof), including real and other property therefor."

NRS 271.025[5] requires proof of fraud or its equivalent to support a reversal of the establishment of the district and its component units. There is no such proof here.

2. *Computation of protest vote.*

As already noted, the notice of the provisional order providing for the improvement district provided a basis for computing protest percentage different from the basis for assessment. This was in contravention of NRS 271.305(7)(b)[6] which requires that the basis for protest computation be the same as that used for assessment. This is ostensibly intended to give to a landowner an influence in the proceedings proportional to the amount he will have to pay. However, the protest was appropriately computed on the same basis as the assessment. Therefore the discrepancy is inconsequential.

The judgment is affirmed and the city of Winnemucca may proceed with its improvements on the basis provided for in the provisional order of May 3, 1967 as modified by the resolution of August 16, 1967 deleting Units B and C from the district.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[5]"271.025 DECISION OF GOVERNING BODY FINAL. The action and decision of a municipality's governing body as to all matters passed upon by it in relation to any action, matter or thing provided herein shall in the absence of fraud be prima facie evidence of its correctness."

[6]"271.305 PROVISIONAL ORDER HEARING: NOTICE.

. . .

7. The notice shall also state:

. . .

(b) That if, within the time specified in the notice, complaints, protests and objections in writing, i.e., all written remonstrances, against acquiring or improving the project proposed by initiation of the governing body shall be filed with the clerk, signed by the owners of tracts constituting a majority of the frontage, of the area, of the zone, or of the other basis for the computation of assessments as the case may be, of the tracts to be assessed in the improvement district or in the assessment unit if the improvement district is divided into assessment units, the project therein shall not be acquired or improved . . . ."